**DE GUAN YANG, Petitioner,**

v.

**BUREAU OF CITIZENSHIP & IMMIGRATION SERVICES, Respondent.**

Nos. 02–4387–ag (L), 03–40143–ag (con).

United States Court of Appeals, Second Circuit.

Feb. 9, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Paul I. Perez, United States Attorney for the Middle District of Florida, David P. Rhodes, Karin B. Hoppmann, Assistant United States Attorneys, Tampa, Florida, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner De Guan Yang, a native and citizen of the People's Republic of China, seeks review of two BIA orders: the first, a July 30, 2002 order affirming the June 21, 2001 decision of Immigration Judge William C. Peterson denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re De Guan Yang*, No. A 78 720 162 (B.I.A. July 30, 2002), *aff'g* No. A 78 720 162 (Immig. Ct. N.Y. City June 21, 2001); the second, a May 28, 2003 order denying petitioner's motion to reopen his removal proceedings, *In re De Guan Yang*, No. A 78 720 162 (B.I.A. May 28, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As to the BIA's 2002 final order of removal, we review the IJ's decision as the final agency determination because the BIA summarily affirmed the IJ's decision. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews questions of law *de novo*, including what evidence will suffice to carry an applicant's burden of proof. *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 146 n. 2 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359

F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

While we recognize that the BIA's decision in *Matter of Y–T–L–*, 23 I. & N. Dec. 601, 605 (BIA 2003), forecloses the IJ's analysis that Yang's well-founded fear of future persecution was rebutted by the passage of time since his wife's sterilization, we find that the IJ's adverse credibility determination provided a sufficient, alternative basis for the denial of Yang's family planning claim. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006).

We defer to the IJ's finding, in support of his adverse credibility determination, that Yang's testimony was evasive and non-response, which is reflected in the record. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005). The record supports the IJ's finding of inconsistency between Yang's testimony and his wife's affidavit regarding whether his wife asked officials for an extension of time to pay their fine is supported by the record. Yang explained that he was not aware of his wife's request; but Yang's failure to state, after numerous opportunities, when he became aware of this request was reason to reject Yang's explanation. *See Majidi*, 430 F.3d at 80–81 (noting that the agency need not credit an applicant's explanations for inconsistencies unless those explanations would compel a reasonable fact-finder to do so).

The IJ also relied on implausibilities in Yang's testimony, none of which Yang challenged before this Court.

Petitioner challenges as error several component findings in the IJ's adverse credibility determination; however, we can

confidently predict that the agency would reach the same credibility determination upon reconsideration of Yang's claims even if the IJ's decision was erroneous in the ways specified by petitioner. *See Li Hua Lin,* 453 F.3d at 107. Yang has waived his religious persecution claim before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005) (noting that the Court need not address issues waived in briefs). Because Yang's family planning claim and religious persecution claim were the only bases for his asylum, withholding of removal, and CAT claims, we deny his petition for review of the BIA's 2002 decision. *See id.; Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

█ As to the BIA's 2003 denial of Yang's motion to reopen, we review this decision for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). To the extent that the BIA denied Yang's request to reopen his case *sua sponte,* this Court lacks jurisdiction to review that decision, which is "entirely discretionary." *Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006). Furthermore, because Yang failed to explain how his supporting documentation rehabilitated his credibility, Yang's conclusory allegation that he was statutorily eligible for relief due to his wife's forced sterilization could not sustain his burden for his motion to reopen in light of the preexisting adverse credibility finding. *See Sipus,* 14 I. & N. Dec. 229, 231 (BIA 1972). Therefore, the BIA did not abuse its discretion in denying Yang's motion to reopen.

For the foregoing reasons, the petitions for review are DENIED. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).